# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fort Taylor, Jr. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nancy A. Berryhill, Acting, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 6:17-2353-RMG <br><br> **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on August 8, 2018, recommending that the Commissioner's decision be affirmed. (Dkt. No. 22). Plaintiff filed objections to the R & R, arguing that the Administrative Law Judge ("ALJ") failed to properly consider the effects of Plaintiff's obesity, lumbar spine osteoarthritis, and sedating properties of his medications. (Dkt. No. 23). The Commissioner filed a reply, asserting the Plaintiff was simply rearguing issues raised and addressed by the Magistrate Judge in the R & R. (Dkt. No. 25). The Court adopts the entirety of the R & R as the order of this Court and affirms the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

The Magistrate Judge, in a comprehensive and well-reasoned R & R, addressed each of the issues now the subject of Plaintiff's objections and concluded that the Commissioner's final decision complied with controlling legal standards and was supported by substantial evidence.

The ALJ found that although Plaintiff suffered from a variety of severe impairments, he nonetheless retained the residual functional capacity for light work. (Tr. 26). The Court reviewed the underlying record in this case with considerable care as well as the R & R and the objections of the Plaintiff.

There is a notable gap between the present claims of the Plaintiff and the record in this matter. Plaintiff complains that the ALJ failed to consider the claimant's obesity, but the record is silent on this issue in the proceeding before the ALJ. (Dkt. No. 22 at 13-14). Plaintiff asserts that the ALJ failed to consider the sedating effects of his medications, but at the administrative hearing Plaintiff explicitly stated he had no side effects from his medication. (Tr. 51). Plaintiff clearly has limitations associated with his spinal osteoarthritis and the ALJ listed this condition as a severe but not a disabling impairment. The medical record confirms the ALJ's findings, and no medical provider suggested that the claimant's osteoarthritis rendered him incapable of performing light work. The ALJ further noted that the medical record documented a series of rather benign physical examinations. (Dkt. No. 22 at 14). The ALJ recognized that Plaintiff had limitations associated with emphysema status post pneumothorax, but found no support in the medical record to support the claim that his lung condition was so severe that he was on a lung transplant list. (Dkt. No. 22 at 22). In short, the ALJ carefully weighed the modest medical record in this case and the testimony of the Plaintiff and made certain findings after weighing the credibility of the Plaintiff.

As the Magistrate Judge aptly observed, the Commissioner's decision complies with controlling legal standards and there is substantial evidence to support the findings and conclusions of the Commissioner. Under such circumstances, the Court is obligated to affirm the

decision of the Commissioner. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 22) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

September 7, 2018
Charleston, South Carolina